1

**PHILLIPS DAYES LAW GROUP PC**
**ATTORNEYS AT LAW**
**Suite 1500**
**3101 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 288-1610**
minute_entries@phillipslaw.com

2

3

4

5
TREY DAYES
Arizona Bar No. 020805
treyd@phillipsdayeslaw.com
DAWN SAUER
Arizona Bar No. 030271
dawns@phillipsdayeslaw.com
JOHN L. COLLINS
Arizona Bar No. 030351
johnc@phillipsdayeslaw.com

6

7

8

9

10
Attorneys for Plaintiff

11
**UNITED STATES DISTRICT COURT**

12
**DISTRICT OF ARIZONA**

13

14
David Anthony Martinez;

15
Plaintiff,

16
vs.

17
Ed's Ace Hardware, Inc., an Arizona corporation, d/b/a Walt's Ace Hardware; Edward Alexander and Jane Doe Alexander I, husband and wife; and Wes Alexander and Jane Doe Alexander II, husband and wife;

18

19

20

21
Defendants.

22

Case No.: _____

**COMPLAINT**

**JURY DEMAND**

23

24

25

Plaintiff David Anthony Martinez, by and through John L. Collins, Trey Dayes, and Dawn M. Sauer, of and for the PHILLIPS DAYES LAW GROUP PC, for his Complaint against Defendants avers as follows:

## NATURE OF THE CASE

1.     The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2.     Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3.     Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages and failure to pay minimum wage in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

4.     For almost three years prior to the filing of this action, Defendants had a consistent policy and practice of paying its employees less than the minimum wage.

5.     For almost three years prior to the filing of this action, Defendants had a consistent policy and practice of requiring their employees to work in excess of forty (40)

hours per week without paying them time and a half for hours worked over forty (40) hours per week.

6.     For approximately three years prior to the filing of this action, Plaintiff worked approximately eight (8) hours in excess of forty (40) hours per week and was not paid time and one-half.

7.     Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

9.     Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside within this judicial district and a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this judicial district.

## PARTIES

10.   At all times material hereto, Plaintiff was and continues to be a resident of Maricopa County, Arizona.

11.   On information and belief, at all times material hereto, Defendant Ed's Ace Hardware, Inc., was and continues to be an entity organized under the law of the State of Arizona, doing business as "Walt's Ace Hardware" in Maricopa County, Arizona, and is subject to the jurisdiction of this Court.

12. On information and belief, at all times material hereto, Defendant Edward Alexander (herein as "E. Alexander") was and continues to be a resident of Maricopa County, Arizona, and is subject to the jurisdiction of this Court.

13. Jane Doe Alexander I is the fictitious name of Defendant E. Alexander's spouse. Defendant E. Alexander engaged in conduct for which the marital community is liable. When the true name of Jane Doe Alexander I is discovered, her name will be substituted into the pleadings accordingly.

14. On information and belief, at all times material hereto, Defendant Wes Alexander (herein as "W. Alexander") was and continues to be a resident of Maricopa County, Arizona, and is subject to the jurisdiction of this Court.

15. Jane Doe Alexander II is the fictitious name of Defendant W. Alexander's spouse. Defendant W. Alexander engaged in conduct for which the marital community is liable. When the true name of Jane Doe Alexander II is discovered, her name will be substituted into the pleadings accordingly.

16. On information and belief, Defendants made all managerial and operational decisions on behalf of the business.

17. At all relevant times, Plaintiff was an "employee" of Defendants, as defined by 29 U.S.C. § 203(e)(1).

18. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to each of the Defendants.

19. At all relevant times, each of the Defendants was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

20.   Each Defendant should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

21.   All Defendants are co-equally liable for all matters.

22.   At all times material to this action, Defendant was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

23.   On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

## FACTUAL BACKGROUND

24.   Defendants hired Plaintiff to work in their hardware store at an hourly rate of $8.25, beginning in March 2011.

25.   Plaintiff's job responsibilities included assisting customers in locating products they were hoping to purchase.

26.   Plaintiff always worked on-site at Defendants' facility.

27.   Plaintiff was always supervised closely by superiors and had no authority to use discretion or to make decisions of any significance.

28.   Defendants scheduled Plaintiff to work approximately forty-eight hours per week during the past three years and until Plaintiff's employment with Defendants ended in February 2014.

29.   However, Defendants failed to pay Plaintiff overtime wages as required by the FLSA, paying Plaintiff only straight-time rather than at time and one-half.

30.   Plaintiff has retained the law firm of Phillips Dayes Law Group P.C. to prosecute this action and to enforce his rights under the FLSA. So Plaintiff has incurred reasonable attorney fees and costs as the direct and foreseeable result of Defendants' conduct, for which Plaintiff is entitled to recover his reasonable costs and attorneys' fees.

## COUNT ONE
## OVERTIME VIOLATION—29 U.S.C. § 207

31.   Plaintiff incorporates and adopts paragraphs 1 through 30 above as if fully set forth herein.

32.   While employed by Defendants, Plaintiff regularly worked multiple hours of overtime per week.

33.   Plaintiff was a non-exempt employee.

34.   Defendants intentionally failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

35.   On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

36.   As the direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

37.   Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

38.   In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

39.   On information and belief, Defendants' conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

40.   Defendants have not made a good faith effort to comply with the FLSA. Plaintiff has been required to bring this action to recover his federal minimum wages remaining due and unpaid, and his statutory liquidated damages, and as the direct and foreseeable result of Defendant's conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a.   Awarding Plaintiff overtime compensation in the amount due for all of their time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rates of pay while at work for Defendants, in an amount proved at trial;

b.   Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c.   Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d.   Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

e.   Awarding Plaintiff post-judgment interest, at the highest legal rate, on

all awards from the date of such award until paid in full; and

f.   For such other and further relief as the Court deems just and proper.

**COUNT TWO**
**DECLARATORY JUDGMENT**

41.   Plaintiff incorporates and adopts paragraphs 1 through 40 above as if fully set

forth herein.

42.   Plaintiff and Defendants have a dispute pending involving the non-payment

of overtime wages contrary to the terms of the FLSA.

43.   The Court has jurisdiction to hear Plaintiff's request for declaratory relief

pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

44.   Plaintiff is entitled to declarations, and requests that the Court make

declarations as to the following matters and as to other matters deemed appropriate by the

Court:

a.   Defendants employed Plaintiff.

b.   Defendants are engaged in an enterprise covered by the overtime and wage

provisions of the FLSA.

c.   Plaintiff individually is covered by the overtime and wage provisions of the

FLSA.

d.   Plaintiff worked more than forty hours in a week for Defendants, but

Defendants failed to pay Plaintiff at a rate of at least one and one-half times

his regular rate of pay for each hour worked in excess of forty hours per week.

    e.  Plaintiff is entitled to collect from Defendants the overtime wages denied him by Defendants.

    f.  Defendants' failures to comply with the overtime requirements of the FLSA were willful, and Plaintiff is entitled to collect his wages for a period of three years in addition to liquidated damages in an amount equal to his unpaid wages.

    g.  Plaintiff is entitled to collect from Defendants' his reasonable attorneys' fees and costs.

45.   It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

46.   The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a.  Declaring that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

    b.  Awarding Plaintiffs their reasonable attorney's fees and the costs and expenses of the litigation; and

1         c.  For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and all similarly situated employees hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: April 4, 2014

Respectfully submitted,

**PHILLIPS DAYES LAW GROUP PC**

By: */s/ John L. Collins*
     John L. Collins
     Arizona Bar No. 030351
     johnc@phillipsdayeslaw.com
     Attorney for Plaintiffs